**BROOKS & BERNE PLLC**
Attorneys for Plaintiff
*Assekuranz-Union Versicherungs-Agentur*
*GmbH & Co. KG*
*a/s/o Camposol Uruguay SRL*
50 Main Street, Suite 1000
White Plains, N.Y. 10606
(914) 364-2691
Attorney: Lawrence C. Glynn (LG 6431)


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ASSEKURANZ-UNION VERSICHERUNGS-
AGENTUR GMBH & CO. KG,
as Subrogee of CAMPOSOL URUGUAY SRL,

                              Plaintiff,

      -against-

M/V ZIM BALTIMORE, her engines, boilers, etc.,
and ZIM INTEGRATED SHIPPING SERVICES Ltd.,

                          Defendants.
----------------------------------------------------------------x

Case No.:     26 Civ.      (  )


<u>**VERIFIED COMPLAINT**</u>


       Plaintiff, ASSEKURANZ-UNION VERSICHERUNGS-AGENTUR GMBH & CO. KG, as

Subrogee of CAMPOSOL URUGUAY SRL, by its attorneys, **BROOKS & BERNE PLLC**,

alleges, upon information and belief, as follows:

       1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.

       2.      At and during the times hereinafter mentioned, Plaintiff had and now has the legal

status and principal place of business stated in Schedule "A" attached hereto and by this reference

made a part hereof.

3.    At and during all the times hereinafter mentioned, Defendants had and now have the legal status and offices and places of business stated in Schedule "A", and were and now are engaged as common carriers of merchandise by water and owned, operated, managed, chartered and controlled the above matter vessel(s) which is now, or will be within the jurisdiction of this Court during the pendency of this action.

4.    On or about the dates and at the port of shipment stated in Schedule "B" attached hereto and by this reference made a part hereof, there was delivered to the vessel and Defendants in good order and condition, the shipments described in Schedule "B", which said vessel and Defendants accepted and agreed to transport for certain consideration to the ports of destination stated in Schedule "B".

5.    Thereafter, the said vessel(s) and Defendants delivered Plaintiff's shipments, however, not at the port(s) of destination described in Schedule "B" and the aforesaid shipments were short, missing and/or damaged.

6.    By reason of the premises, the above named vessel(s) and Defendants breached, failed and violated their duties and obligations as common carriers, bailees, warehousemen, and were otherwise at fault.

7.    Plaintiff was the consignee, owner, or underwriter of the shipment described in Schedule "B", and brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

8.    Plaintiff has duly performed all duties and obligations on its part to be performed.

9.      By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $72,000.00.

WHEREFORE, Plaintiff demands:

(a)     That process in due form of law may issue against third-party defendants citing them to appear and answer all and singular the matters aforesaid;

(b)     That if defendants cannot be found within this district, then all their property within this District as shall be described in Schedule "A", be attached in the sum of $72,000.00, with interest thereon and costs, the sum sued for in this Complaint;

(c)     That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

(d)     That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessels, their engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all singular the matters aforesaid, and this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessels may be condemned and sold to pay therefor, and

(e)    That this Court will grant to Plaintiff such other and further relief as may be just and

proper.

Dated:  White Plains, New York
        July 6, 2026

Yours, etc.,

### Brooks & Berne pllc
Attorneys for Plaintiff
*Assekuranz-Union Versicherungs-Agentur*
*GmbH & Co. KG*
*a/s/o Camposol Uruguay SRL*

By: *Lawrence C. Glynn*

Lawrence C. Glynn (LCG-6431)
50 Main Street
Suite 1000
White Plains, N.Y. 10606
(914) 364-2691
*Lawrence.Glynn@lawbbh.com*
File No.: 13931

4

## Schedule A

### Plaintiff's Legal Status and Office and Place of Business

1.      Plaintiff, *Assekuranz-Union Versicherungs-Agentur GmbH & Co. KG*, was and now is a corporation or other business entity existing under and by virtue of foreign law with an office and place of business located at 5 /6 28199 Bremen, Germany.

### Defendants' Legal Status and Office and Place of Business

2.      Defendant, ZIM Integrated Shipping Services, was and now is a corporation or other business entity existing under and by virtue of foreign law with an office and place of business located at 1110 South Avenue, Staten Island, New York 10314.

**SCHEDULE B**

Vessel:              M/V Zim Baltimore

Voyage No.:          342N

Bill of Lading:      ZIMUMVD8015260

Container No.:       ZMOU8980669

Description:         1,608 Cartons Fresh Mandarins


Vessel:              M/V Zim Baltimore

Voyage No.:          342N

Bill of Lading:      ZIMUMVD8015259

Container No.:       ZMOU8970655

Description:         1,440 Cartons Fresh Mandarins


Vessel:              M/V Zim Baltimore

Voyage No.:          342N

Bill of Lading:      ZIMUMVD8015262

Container No.:       ZCLU9923528

Description:         1,630 Cartons Fresh Mandarins


Vessel:              M/V Zim Baltimore

Voyage No.:          342N

Bill of Lading:      ZIMUMVD8015261

Container No.:       GMOU9025177

Description:         1,440 Cartons Fresh Mandarins

Shipper:                Camposol Uruguay SRL

Consignee:              Camposol Fresh USA

Date of Shipment:       May 21, 2025

Port of Loading:        Montevideo, Uruguay

Port of Discharge:      Philadelphia


Nature of Loss:         Delay in transit (16 days) resulting in reduction in overall quality; consignment beyond shelf life. (By way of comparison, firm, green bananas at the supermarket are worth more than bananas that are dark brown and soft.)

Amount:                 $72,000.00

**VERIFICATION**

LAWRENCE C. GLYNN, under the penalties of perjury, hereby affirms:

That he is an attorney admitted to practice before the Courts of this State and is a member of the firm of **BROOKS & BERNE PLLC**, attorneys for Plaintiff herein.  That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters, he believes them to be true. Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the maters set forth in the Verified Complaint in the possession of deponent. Dated:  White Plains, New York

July 7, 2026

*Lawrence C. Glynn*

Lawrence C. Glynn